**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BRANDY A. ANDLER,**

      **Plaintiff,**

  vs.                                    **Civil Action 2:06-CV-265
                                              Magistrate Judge King**

**CLEAR CHANNEL BROADCASTING,
INC., et al.,**

      **Defendants.**

## OPINION AND ORDER

Plaintiff seeks recovery for injuries allegedly sustained when she fell into a hole while on premises owned, operated and maintained by defendant Clear Channel Broadcasting, Inc. With the consent of the parties, 28 U.S.C. § 636(c), this matter is currently before the Court on *Defendant Clear Channel Broadcasting, Inc.'s Motion for Summary Judgment* ("*Motion*"), Doc. No. 24.

## I. FACTS AND PROCEDURAL HISTORY

On July 9, 2004, plaintiff arrived in Belmont County, Ohio, to attend "Jamboree in the Hills," a yearly festival that she had attended since 2001 or 2002. *Plaintiff's Deposition,* pp. 28, 30, attached to *Motion*. On July 13, 2004, plaintiff visited a campground ("Campground B") that was owned, operated and maintained by defendant Clear Channel Broadcasting ("defendant") and where "Jamboree in the Hills" took place. *Complaint*, Doc. No. 2, at ¶ 3; *Entry*, Doc. No. 15; *Motion*, at 2-3.[1] The grass at Campground B had been mowed four times that season, with a

---

[1] The parties previously agreed to dismiss all claims against the other named defendants, Osborn Entertainment Enterprises Corporation and SFX Jamboree Holdings, LLC. *Entry*, Doc. No. 15.

15-foot mower. *Deposition of Perry Jones,* p.8, attached to *Motion.*  While walking in the dark to a restroom for the first time on Campground B, around 10:00 p.m., plaintiff stepped into a hole in the ground and fell.  *Plaintiff's Deposition,* pp. 40, 55-56.  The hole into which she fell was approximately four feet by six feet and was one foot deep and filled with grass.  *Id.,* p. 56.  Plaintiff broke bones in her feet and suffered other injuries as a result of her fall.  *Complaint*, at ¶¶ 5-7.

Plaintiff was staying, not at Campground B but at a nearby in Belmont County. *Plaintiff's Deposition,* p. 50.  On the day of her fall, plaintiff was in Campground B only to visit friends who had rented space there. *Plaintiff's Deposition,* p. 50.  Although plaintiffs' friends had paid a fee to park their camper in Campground B, plaintiff did not pay for admission to the campground and had spent no money during her visit to Campground B on July 13, 2004. *Plaintiff's Deposition,* pp. 50-51.

Plaintiff now seeks recovery for her medical bills and expenses, pain and suffering and lost earnings.

## II.    STANDARD

The standard for summary judgment is well established.  This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).  Pursuant to Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact . . . ."  Id.  In making this determination, the evidence "must

be viewed in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, summary judgment is appropriate if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). "Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

### III. DISCUSSION

#### A. Status of plaintiff when visiting Campground B

Under Ohio law,[2] the status of a person entering onto real property determines the scope of the landowner's duty to that person. *See*, *e.g.*, *Gladon v. Greater Cleveland Reg'l Transit Auth.*, 75 Ohio St.3d 312, 315 (1996). An entrant's status may fall into any of three categories: invitee, licensee and trespasser. *Id*. Invitees, also known as business invitees, "are persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner." *Id*. *See also Provencher v. Ohio Dep't of Transp.*, 49 Ohio St.3d 265, 265-66 (1990). A landowner has a duty "to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition." *Provencher*, 49 Ohio St.3d at 266.

A licensee is a person who enters the property by permission or acquiescence "for his [or her] *own* pleasure or benefit, and not by invitation[.]" *Id.* (emphasis in original). *See also Gladon*, 75 Ohio St.3d at 326. A licensee takes the license subject to attendant risks and danger. *See*, *e.g.*, *Fuehrer v. Board of Educ. of Westerville City School Dist.*, 61 Ohio St. 3d 201, 204 (1991). Therefore, a landowner "is not liable [to a licensee] for ordinary negligence and owes the licensee no duty except to refrain from wantonly or willfully causing injury." *Provencher*, 49 Ohio St.3d at 266. Finally, a trespasser is a person "who, without express or implied authorization, invitation or inducement, enters private premises purely for his own purposes or convenience." *McKinney v. Hartz & Restle Realtors, Inc.*, 31 Ohio St. 3d 244, 246 (1987). As to trespassers, at least as to undiscovered trespassers, a landowner owes no duty except to refrain

---

[2]The parties agree that Ohio law applies in this case, which is before the Court upon diversity jurisdiction, 28 U.S.C. §1332. *Motion*, at 3; *Memo. Contra*, at 4-9 (citing Ohio authority).

from willful or wanton conduct. *Elliott v. Nagy,* 22 Ohio St.3d 58, 60 (1986).

The parties disagree as to plaintiff's status while she was at Campground B on the day of her fall. Defendant contends that plaintiff was a licensee because she spent no money there, and thus did not confer any benefit on defendant. *Motion*, at 6. Further, defendant argues, plaintiff was a licensee because she was present on Campground B solely for the purpose of visiting her friends and thus was at the campground with defendant's acquiescence, not its invitation. *Motion*, at 6; *Defendant Clear Channel Broadcasting, Inc.'s Reply in Support of Its Motion for Summary Judgment* ("*Reply*"), Doc. No. 27, pp.2-4. Conversely, plaintiff argues that she was an invitee because she was visiting friends who had paid a fee to park their camper in Campground B. *Memorandum Contra the Defendant's Motion for Summary Judgment ("Memorandum Contra")*, Doc. No. 25, p. 4. Plaintiff contends that, because her friends were the defendant's invitees and she was visiting them, she too qualified as an invitee. *Id*. pp. 4-5. Plaintiff further argues that defendant contemplated that its paying guests would invite friends to visit the campground and that defendant therefore received a benefit in accommodating its paying guests. *Id*. at 6.

The parties have not cited to, and the Court has not found, Ohio cases analyzing the status of a person entering a campsite for the sole purpose of visiting friends who have rented space at the campsite. However, Ohio courts have considered the status of a person visiting a paying guest at a hotel. *See*, *e.g.*, *Ray v. Ramada Inn N.*, 171 Ohio App.3d 1 (2d Dist. Ct. App. 2007); *Uddin v. Embassy Suites Hotel*, 165 Ohio App.3d 699 (10th Dist. Ct. App. 2005); *Detrick v. Columbia Sussex Corp., Inc.*, 90 Ohio App.3d 475 (2d Dist. Ct. App. 1993). These courts conclude that a visitor of the paying guest is an invitee of the owner of the premises. *Ray*, 171

Ohio App.3d at 11; *Uddin*, 165 Ohio App.3d at 704-05; *Detrick*, 90 Ohio App.3d at 476.  As the *Ray* court reasoned: "A hotel that opens its premises to paying guests reasonably contemplates that members of the public will enter at the invitation of the guests, and the hotel benefits both directly and indirectly from accommodating its paying guests in that respect."  *Ray*, 171 Ohio App.3d at 11.

The Court concludes that guests of paying campers are similar to guests of paying hotel guests.  The paying hotel guests and campers rent residential space for a limited period of time.  Owners of a hotel and a campsite reasonably contemplate that their paying guests may invite members of the public to enter the hotel or campsite.  Accommodating their paying guests in this fashion benefits , at least indirectly, the property owners.  *See Ray*, 171 Ohio App.3d at 11.  Defendant argues that the hotel cases are "inapposite" because this case involves a campground, not a hotel.  *Reply*, at 3.  However, defendant offers nothing to distinguish the hotel line of cases from the instant case.

Defendant, relying on landlord-tenant cases, also argues that its duty to plaintiff did not extend to "common areas" of the campsite.  *Reply*, at 2-3.  This argument fails for two reasons.  First, the hotel line of cases does not recognize a "common areas" exception to status or premises liability.  Second, for the reasons discussed *supra*, the plaintiff in this case is more analogous to a visitor of a hotel guest than to a guest of an apartment tenant.  Indeed, defendant characterizes as misplaced plaintiff's reliance on landlord-tenant law.  *Reply*, at 3 ("Plaintiff offers no explanation as to why the duties of a landlord to its tenants should apply in a case where an individual pays money to stay in a rustic campground.").  Landlord-tenant cases are

therefore inapplicable to this case.[3]

Accordingly, this Court concludes that plaintiff qualified as an invitee of defendant when she entered Campground B.

### B. Defendant's duty of care

A property owner owes to an invitee a duty to exercise ordinary care and to maintain the premises in a safe condition; this duty includes the duty to warn of latent or concealed dangers of which the owner knows or should have known. *Provencher*, 49 Ohio St.3d at 266; *Green v. China House*, 123 Ohio App. 3d 208, 211 (1997). However, a property owner is not the insurer of an invitee's safety. *Jackson v. Kings Island*, 58 Ohio St. 2d 357, 359 (1979). "It is only where it is shown that the owner had *superior knowledge* of the particular danger which caused the injury that liability attaches, because in such a case the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate." *LaCourse v. Fleitz*, 28 Ohio St. 3d 209, 210 (1986) (emphasis added). Superior knowledge exists where a property owner knows of the existence of a hazard unknown to the invitee. *See*, *e.g.*, *Englehardt v. Phillips*, 136 Ohio St. 73 (1939); *Coleman v. Akron Bd. of Educ.*, 9th Dist. No. 21598, 2003 Ohio 7171, at ¶ 14 (Dec. 31, 2003) ("Thus, a landowner has 'superior knowledge' when he is aware that a dangerous condition exists and the invitee is unaware of the nature of such danger.").

On the other hand, a property owner owes no duty of care to an invitee where the danger is open and obvious. *Armstrong v. Best Buy Co.*, 99 Ohio St. 3d 79, 82 (2003). An open and

---

[3]*But cf. McCool v. Willbrook Apts.,* 1995 WL 510027 (7th Dist. Ct. App. (1995), in which the court held that the social guest of an apartment tenant and who is injured in the common area of the premises is the invitee of the landlord: "... [A] landlord who prohibited a tenant's visitors might experience great difficulty in renting or rerenting his apartments." *Id.* at *2, quoting *Martin v. Konstam,* 62 Ohio Misc. 2d 507, 511 (Hamilton Cy. Muni. Ct. 1992).

obvious hazard is "not concealed and [is] discoverable by ordinary inspection." *Lykins v. Fun Spot Trampolines*, 172 Ohio App. 3d 226, 235 (12th Dist. Ct. App. 2007). A plaintiff does not have to observe a hazard in order for it to be open and obvious under the law. *Id*. "Rather, the determinative issue is whether the condition is observable." *Id*. That, in turn, "'depends upon the particular facts and circumstances surrounding the hazard.'" *Id*. (citing *Olivier v. Leaf & Vine*, 2d. Dist. No. 2004 CA 35, 2005 Ohio 1910, at ¶ 21 (April 15, 2005)).

Defendant argues that the "open and obvious" doctrine applies to this case. *Motion*, at 9-10. Defendant specifically contends that the conditions at the time of plaintiff's fall, *i.e.,* evening darkness at a rustic campground, should have alerted plaintiff to the danger of depressions and holes in the ground. *Motion*, at 9-10; *Reply*, at 4. In response, plaintiff argues that, because the hole was filled with grass, the hole was not visible to her. *Plaintiff's Deposition,* pp. 56-57. Although it was dark at the time, she could nevertheless see her own feet. *Id.*, pp. 67-68.

Defendant denies that it had superior knowledge of the hole into which plaintiff fell. *Motion*, at 11-12; *Reply*, at 5-6. Defendant argues further that it did not create the hazard and that plaintiff cannot demonstrate that the hole existed for an amount of time sufficient to establish that defendant had constructive knowledge of its existence.

Scott Hall-Jones, defendant's director of operations, could not remember on deposition whether the hole had been reported to him prior to plaintiff's fall. *Deposition of Scott Hall-Jones,* p. 18, attached to *Motion.* Charles Galownia, another employee at the campground, testified on deposition that he had no knowledge of the presence of the hole prior to plaintiff's fall. *Deposition of Charles Galownia,* p.6, attached to *Motion.* Perry Jones, who mowed the

8

grass three times in the area where plaintiff fell,[4] *Deposition of Perry Jones,* p.8, attached to *Motion for Summary Judgment,* never saw the hole into which plaintiff fell. *Id.* On the other hand, James Vincent, another guest at the campground at the time of plaintiff's fall, avers in his affidavit that he notified defendant's staff of the hole prior to plaintiff's fall. *Affidavit of James M. Vincent,* p.1, attached to *Memorandum Contra.*

Under these circumstances, the Court concludes that there exist genuine issues of material fact regarding such issues as whether defendant was negligent in its maintenance of the campground, whether the existence of the hole was open and obvious and whether defendant had superior knowledge, whether actual or constructive, of its existence.[5] Grant of summary judgment under these circumstances is therefore unwarranted.

**WHEREUPON** *Defendant Clear Channel Broadcasting, Inc.'s Motion for Summary Judgment*, Doc. No. 24, is **DENIED**.


November 28, 2007                                *s/Norah McCann King*
                                                                         Norah McCann King
                                                               United States Magistrate Judge

---

[4] A subcontractor mowed the area one additional time that season. *Deposition of Perry Jones,* p.8.

[5] Plaintiff has included the affidavit of Robert Preston as her expert on the issue of liability. *Affidavit of Robert Preston,* attached to *Memorandum.Contra.* Defendant challenges the sufficiency of this proffered expert testimony. *Reply*, pp. 6-8. Because this Court has found genuine issues of material fact without consideration of this affidavit, the Court need not resolve this issue.