```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

**BRANDY R. ANDLER,**

      **Plaintiff,**

   **vs.**                              **Civil Action 2:06-CV-265**
                                              **Magistrate Judge King**

**CLEAR CHANNEL BROADCASTING,**
**INC.,** *et al.*,

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on *Defendant Clear Channel Broadcasting, Inc.'s Motion in Limine Regarding Subsequent Remedial Measures* ("*Motion in Limine*"), Doc. No. 45.  For the reasons set forth below, the *Motion in Limine* is **GRANTED**.

**I.   BACKGROUND**

On July 13, 2004, plaintiff visited a campground ("Campground B") that was owned, operated and maintained by defendant Clear Channel Broadcasting ("defendant") and where a yearly music festival took place.  *Complaint*, Doc. No. 2, at ¶ 3; *Entry*, Doc. No. 15; *Motion in Limine*, p. 1.  While visiting Campground B, plaintiff stepped into a hole in the ground and fell.  *Complaint*, at ¶ 3.  Plaintiff alleges that the hole was not visible to the average person because grass had grown in the hole.  *Id*. at ¶ 4.  Plaintiff broke bones in her feet and suffered other injuries as a result of her fall.  *Id.* at ¶¶ 5-7.

Defendant contends that "several witnesses" during discovery have testified that defendant repaired the hole the day after plaintiff tripped and fell and that photographs have been produced that demonstrate the grassy depression's appearance after the repairs. *Motion in Limine*, p. 1.  Defendant seeks to preclude plaintiff from

introducing evidence, including photographs, of the grassy depression after defendant's repair. *Id*. at 1-2 (citing Fed. R. Evid. 407). Defendant also seeks to exclude any mention that defendant repaired the grassy depression after plaintiff's fall and any mention that photographs exist of the repair. *Id*. In support of its position, defendant argues that it previously stipulated that it owned, operated and maintained Campground B. *Id*. Defendant further argues that there exist photographs of the grassy depression before the repairs. *Id*. Defendant concludes that plaintiff cannot show any permissible purpose for introducing evidence of defendant's repairs. *Id*.

In response, plaintiff contends that Fed. R. Evid. 407 precludes (and "State Evidence Rule 407" also precludes) evidence if it "is used to show that, the measures, if taken, would have made the injury less likely to occur, or to prove negligence." Plaintiff's *Memorandum Contra the Defendant's Motion in Limine* ("*Memo. Contra*"), Doc. No. 50, p. 1. Plaintiff argues that she does not intend to introduce evidence of the repairs for these impermissible reasons. *Id*. Instead, plaintiff contends that she seeks to introduce evidence of defendant's repairs for the following reasons: (1) to show "the timing of the repair"; (2) to show "the response to the knowledge of the hole"; and (3) "to show responsibility for the repair of the hole." *Id*. Plaintiff further argues that photographs show the size and location of the hole, which are critical for the jury to understand the circumstances of plaintiff's injury. *Id*. Plaintiff contends that "[a]rguments and evidence will be presented that Clear Channel should have done a better job with maintenance of the entire campground. However, no direct argument will be made with regard to the specific

2

repairs to this hole." *Id.*  Plaintiff concludes that exclusion of defendant's repairs "would be prejudicial" to her case. *Id.*

**II. STANDARD OF REVIEW**

This Court previously has explained the purpose of a motion in limine and the inquiry involved in ruling on such a motion:

> The purpose of a motion in limine is to ensure the evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible. *See Indiana Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).  A court should only exclude evidence on a motion in limine when that evidence is determined to be clearly inadmissible. *Indiana Ins. Co.*, 326 F. Supp.2d at 846.  When a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. *Id.*

*United States v. Tucker*, No. 2:06-cr-03, 2006 U.S. Dist. LEXIS 39265, at *3-4 (S.D. Ohio June 14, 2006) (Holschuh, J.).  Thus, whether or not to grant a motion in limine is within the sound discretion of the Court.  *See*, *e.g.*, *Benit v. Mercedes-Benz United States*, No. 2:06-cv-336, 2007 U.S. Dist. LEXIS 64690, at *5 (S.D. Ohio Aug. 31, 2007) (Holschuh, J.).

**III. DISCUSSION**

Fed. R. Evid. 407 provides that

> [w]hen, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction.

This rule specifically does not exclude evidence of subsequent measures "when offered for another purpose, such as proving ownership,

3

control, or feasibility of precautionary measures, if controverted, or impeachment."  Fed. R. Evid. 407.

The rationale behind Fed. R. Evid. 407 is two-fold.  First, evidence of subsequent remedial measures to show negligence is excluded because "[t]he conduct is not in fact an admission, since the conduct is equally consistent with injury by mere accident or through contributory negligence."  Fed. R. Evid. 407, Notes of Advisory Committee.  The second, "more impressive, ground for exclusion rests on a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety."  *Id*.

Plaintiff first argues that she offers evidence of defendant's repair of the grassy depression because it "has to do with the timing of the repair" and to show "the response to the knowledge of the hole[.]"  *Memo. Contra*, p. 1.  These proffered purposes are not exceptions listed under Fed. R. Evid. 407.  Moreover, plaintiff has not explained how the timing of defendant's repair or defendant's "response to the knowledge of the hole" will aid the jury in its determination.  Therefore, there is no showing that these proffered reasons are relevant to any issue in this case.  Accordingly, plaintiff's first and second proffered reasons for introducing evidence of defendant's repairs are unpersuasive.

Plaintiff next contends that she offers evidence of defendant's repairs "to show its responsibility for the repair of the hole."  *Memo. Contra*, p. 1.  However, this issue is not in dispute.  At the outset of this litigation, the parties stipulated that defendant Clear Channel Broadcasting, Inc. owned, operated and maintained Campground

4

B.  *See Entry*, Doc. No. 15.  In its *Motion in Limine*, defendant again acknowledges its responsibility for owning and maintaining Campground B.  *See Motion in Limine*, p. 1.  Accordingly, plaintiff's third proffered reason for introducing evidence of repairs is without merit.

Finally, plaintiff argues that photographs of the hole after the repairs "show clearly the size and location of hole.  These photographs are critical for the jury to understand the situation with regard to what happened to plaintiff."  *Memo. Contra*, p. 1.  However, defendant represents that photographs of the hole as it appeared at the time of plaintiff's fall prior to defendant's repairs have been produced.  *Motion in Limine*, p. 1.  Plaintiff does not dispute this contention.[1]  In addition, plaintiff does not explain how the photographs depicting the repairs would better assist the jury in its determination than the other photographs.  Therefore, contrary to plaintiff's contention, exclusion of these photographs results in no prejudice to plaintiff.  The Court concludes that evidence of the repairs to show the jury the size and location of the hole is cumulative and inadmissible.  Fed. R. Evid. 403.

Moreover, certain representations in the *Memo. Contra* undermine plaintiff's position that plaintiff does not intend to offer the photographs to establish defendant's negligence.  *See*, *e.g.*, *Memo. Contra*, pp. 1 ("If it [the hole] was not dangerous, why did they have it fixed?"), 2 ("Arguments and evidence will be presented that Clear

---

[1]Moreover, it appears that plaintiff submitted at least one photograph of the hole prior to defendant's repairs when she opposed defendant's motion for summary judgment.  *See*, *e.g.*, Exhibit 2, attached to *Memorandum Contra the Defendant's Motion for Summary Judgment*, Doc. No. 25-4.

5

Channel *should have done a better job with maintenance* of the entire campground.") (emphasis supplied).  Therefore, the photographs depicting defendant's repairs are prejudicial because they may mislead the jury to conclude that defendant was negligent and/or that plaintiff's injury could have been prevented.  *Id*.  Accordingly, plaintiff's final proffered reason for introducing evidence of defendant's repairs is unpersuasive.

**WHEREUPON**, in light of the foregoing, *Defendant Clear Channel Broadcasting, Inc.'s Motion in Limine Regarding Subsequent Remedial Measures*, Doc. No. 45, is **GRANTED**.  Plaintiff shall not introduce any evidence, including photographs, of the grassy depression after defendant's repair.  Plaintiff shall not introduce any testimony that defendant repaired the grassy depression after plaintiff's fall and shall not introduce testimony that photographs exist of the repair.


June 6, 2008                                 *S/ Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge