IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRANDY R. ANDLER,

      Plaintiff,

  vs.                               Civil Action 2:06-CV-265
                                       Magistrate Judge King

**CLEAR CHANNEL BROADCASTING,
INC.**, *et al.*,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on plaintiff's *Motion for a New Trial*, Doc. No. 130 ("*Plaintiff's Motion*"). For the reasons that follow, *Plaintiff's Motion* is **DENIED**.

## I. BACKGROUND

On July 13, 2004, plaintiff visited a campground ("Campground B") that was owned, operated and maintained by defendant Clear Channel Broadcasting ("defendant") and where a yearly music festival took place. *Complaint*, Doc. No. 2, at ¶ 3; *Entry*, Doc. No. 15. While visiting Campground B, plaintiff stepped into a hole in the ground and fell. *Complaint*, at ¶ 3. Plaintiff broke bones in her feet and suffered other injuries as a result of her fall. *Id*. at ¶¶ 5-7.

A jury trial was initially held in this case on June 9, 2008, through June 12, 2008. Doc. Nos. 71, 72, 73, 74, 90, 91, 92, 93. Nearly six months before that trial began, defendant challenged two of plaintiff's three experts as "not qualified to render expert opinions and ... the proffered 'expert' testimony is otherwise inappropriate." *Final Pretrial Order*, Doc. No. 34, p. 4. Although defendant did not file a motion *in limine* by the deadline established in the *Final*

*Pretrial Order*, p.6, during the course of the trial defendant sought to exclude the testimony of plaintiff's economic expert, Daniel Selby. *See Transcript of Proceedings on June 10, 2008*, Doc. No. 91, p. 3 ("*Trial Trans. Vol. II*").  The Court denied defendant's request on the basis of untimeliness.  *Id*.  The jury returned a verdict in plaintiff's favor, finding that plaintiff's damages totalled $200,000.00, including $148,000.00 in future economic loss.  *Verdict and Interrogatories,* Doc. No. 76.[1]  Defendant appealed from the judgment entered on that verdict.  Doc. Nos. 74, 75, 76, 83.  The United States Court of Appeals for the Sixth Circuit subsequently reversed and remanded this matter for a new trial, concluding that the jury should have been instructed on the issue of open and obvious danger.  Doc. Nos. 96, 101.

In an order entered August 14, 2009, this Court scheduled a second jury trial to begin on November 16, 2009.  *Order*, Doc. No. 97; *Order*, Doc. No. 103.[2]  Without objection, the Court required that all motions *in limine* be filed no later than October 28, 2009; memoranda *contra* such motions were due by November 4, 2009, and replies were due by November 9, 2009.  *Order*, Doc. No. 103.

Thereafter, defendant filed a timely motion *in limine* to exclude Mr. Selby's testimony.  Doc. No. 108.[3]  Defendant moved to exclude the

---

[1] The jury also found, however, that 10% of the negligence was attributable to plaintiff.  *Verdict and Interrogatories,* Doc. No. 76.

[2] At the request of plaintiff and with the agreement of defendant, the second jury trial was held in the Court of Common Pleas for Belmont County.  *Order*, Doc. No. 106.

[3] In his videotaped trial deposition, Mr. Selby, a certified public accountant, opined that plaintiff, who earned more per year after her injury than before, realized a net loss of earning capacity of more than $225,000.00.

testimony because, *inter alia*, the methodology used by Mr. Selby to determine loss of earning capacity was unreliable and flawed. *Id*. Over plaintiff's opposition, the Court granted defendant's motion *in limine* and excluded Mr. Selby's videotaped deposition. *Opinion and Order*, Doc. No. 122. In so ruling, the Court noted that Mr. Selby relied on average national figures instead of plaintiff's actual earnings, and that the numbers used in Mr. Selby's calculations were significantly higher than the numbers reflected by the historical data. *Id*. at 8. Without any evidence in the record to support such a large discrepancy, the Court concluded that Mr. Selby's opinion as to the present value of plaintiff's lost earning capacity amounted to speculation. *Id*. at 8-9 (citing, *inter alia*, *Cappello v. Duncan Aircraft Sales of Florida, Inc.*, 79 F.3d 1465, 1476 (6th Cir. 1996)). In an effort to provide counsel with as much notice as possible prior to trial, within the constraints of the briefing schedule adopted without objection by counsel, the Court issued its decision on the Sunday afternoon prior to trial -- *i.e.,* less than 7 days after the reply memorandum was due. *Id*.

On November 16, 2008, *i.e.,* the first day of trial, plaintiff's counsel requested a continuance "so that the plaintiff could have the opportunity to resolve the issues of [Mr. Selby's] testimony." *Plaintiff's Motion*, p. 1. The trial, however, proceeded as scheduled. Plaintiff also requested leave to present live testimony by Mr. Selby based on plaintiff's actual earnings data. Contrary to plaintiff's version of events, *Plaintiff's Motion*, pp. 2-3, the Court did not

---

*See generally, Opinion and Order,* Doc. No. 122.

agree to permit this live testimony only to reverse course the next morning. Rather, the Court reserved ruling on the issue until the following morning and advised plaintiff's counsel that he would be expected to specifically articulate Mr. Selby's proposed testimony.

On November 17, 2009, *i.e.,* the second day of trial, plaintiff represented to the Court and to defense counsel that the only change to Mr. Selby's testimony would be that he would use plaintiff's actual earnings data rather than the national average figures used in his original analysis. Defendant objected to plaintiff's proposal, countering, *inter alia*, that it would be unfair and prejudicial to defendant to permit Mr. Selby to offer a materially different opinion than the one disclosed in Mr. Selby's expert report and on which he was deposed during discovery.

The Court prohibited the proffered testimony. In doing so, the Court noted that plaintiff had been on notice of defendant's objection to Mr. Selby's testimony since the filing of the *Final Pretrial Order*, Doc. No. 34, on January 14, 2008, and certainly since the defendant's challenge to his testimony during the first trial in June 2008. Although that challenge was denied on the basis of untimeliness, not on the merits, defendant's motion *in limine* filed in advance of the second trial was not untimely. The Court remained persuaded that the motion *in limine* had been properly granted and concluded that to permit Mr. Selby to testify to an entirely new opinion would subject defendant to unfair surprise and prejudice.

The trial proceeded without the testimony of Mr. Selby. On November 19, 2009, the jury returned a verdict in favor of the plaintiff, finding that plaintiff's damages totalled $20,000.00,

4

including $12,000.00 in future economic damages. *Verdict and Interrogatories,* Doc. No. 129.[4]

**II. STANDARD**

Plaintiff moves for a new trial pursuant to Fed. R. Civ. P. 59(a)(1)(A). Rule 59(a)(1)(A) provides that a court, upon motion, may grant a new trial on all or some issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" A new trial under this rule is warranted

> when a jury has reached a "seriously erroneous result" as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias.

*Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996).

**III. DISCUSSION**

Plaintiff contends that she is entitled to a new trial because (1) the Court should have granted a continuance of the trial; (2) "the court refused a challenge for cause against a juror who indicated that he could not be fair"; and (3) the Court should have permitted Mr. Selby to testify live or allowed the jury to consider future loss of earnings without expert testimony. The Court will address each issue in turn.

   A.   **Plaintiff's Request for a Continuance**

Plaintiff's request for a new trial because the Court refused to continue the trial to "resolve issues" related to Mr. Selby's testimony is unpersuasive. First, plaintiff's contention that the

---

[4]The jury also found that the percentage of negligence attributable to plaintiff was 50%. *Verdict and Interrogatories,* Doc. No. 129. The jury found that the danger was not open and obvious. *Id.*

5

Court's grant of defendant's motion *in limine* unfairly surprised her on the eve of trial is without merit. As discussed *supra*, plaintiff has been on notice since at least June 2008 that defendant intended to challenge Mr. Selby as an expert in this case. The Court's decision, during the first trial, to permit Mr. Selby's testimony was based on the untimeliness of defendant's challenge, not on the merits of that challenge. To the extent that plaintiff assumed that defendant's motion *in limine* would be denied, merely because Mr. Selby had been permitted to testify at the first trial, that assumption was wholly unfounded.

In addition, neither party objected to the briefing schedule established by the Court in connection with the filing of motions *in limine* prior to the second trial. The Court's issuance of its decision on the Sunday afternoon prior to trial was intended to provide counsel with as much notice as possible prior to trial. Plaintiff points to no authority establishing that a ruling on a motion *in limine* one day prior to the commencement of trial is uncommon, unfair or warrants the grant of a new trial under Fed. R. Civ. P. 59. Indeed, it is not unusual for motions *in limine* to be resolved shortly before, or even during, a trial. *Cf. United States v. Malik*, 345 F.3d 999, 1001 (8th Cir. 2003) ("Here, the ruling on the motion in limine occurred immediately before the start of trial."); *Northwest Cent. Pipeline Corp. v. JER Partnership*, 943 F.2d 1219, 1224 (10th Cir. 1991) (stating that the district court ruled on several motions *in limine* during "the opening minutes of the first day of the trial"); *Smith v. Dooley*, 591 F. Supp. 1157, 1171 (W.D. La. 1984) ("In

an oral ruling delivered immediately prior to trial, this court
granted the plaintiff's motion in limine requesting the application of
the doctrine of offensive collateral estoppel.").

It is unclear what plaintiff intended by her request for a
continuance to "resolve issues" related to Mr. Selby's testimony.
Certainly, there was no basis for re-opening the discovery completion
period, including the time by which experts were to have been
identified and expert reports produced.[5]  In the three months between
the notice of trial, Doc. No. 97, and the commencement of trial,
plaintiff never requested leave to revisit Mr. Selby's opinion, to
reopen discovery or to continue the trial for any reason.  The fact
that the Court's grant of defendant's timely motion *in limine* --
whether that grant occurred one week prior to trial, one day prior to
trial, or during the course of the trial -- undermined plaintiff's
conscious litigation strategy is simply not a basis for vacating the
long-established trial date and, presumably, reopening the long-closed
discovery completion period.  Not only was the denial of plaintiff's
request for a continuance not unfair to plaintiff, to grant the
continuance would have been grossly unfair to defendant.  The Court
was well within its discretion when it rejected plaintiff's request
for a continuance. *See*, *e.g.*, *Al-Marayati v. Univ. of Toledo*, 884
F.2d 578, *14 (6th Cir. 1989) ("The question of a continuance is
addressed to the sound discretion of the district judge and will not
be reversed on appeal unless there has been a clear abuse of

---

[5]The *Preliminary Pretrial Order,* Doc. No. 13, directed that primary experts be designated by January 19, 2007.  The *Final Pretrial Order,* Doc. No. 34, directed that "[a]ll discovery is to be completed by March 31, 2008."

discretion.").

   B.   "Biased" Juror

Plaintiff's contention that she is entitled to a new trial because the Court denied her challenge to a juror for cause is entirely unsupported by the record. As an initial matter, plaintiff fails to identify, by either name or number, the juror to whom she refers. *Plaintiff's Motion*, p. 3; *Reply Memorandum*, Doc. No. 137, p. 3 ("*Reply*"). Plaintiff merely refers to a prospective juror who "said that he was associated with a campground and could not be fair." *Id*.[6]

During *voir dire,* two prospective jurors acknowledged some association with a campground. Juror No. 11 stated that he had belonged to a campground in southern Ohio for a number of years and expressed doubt that he could give fair and impartial consideration to the evidence. Juror No. 17 is a park board president who manages and maintains campgrounds. He initially expressed discomfort at the prospect of sitting on the case, but later indicated that he could be fair and impartial.

When the Court entertained challenges for cause, plaintiff challenged Juror Nos. 8, 10, 12, 13, 14, 15 and 17. The Court excused Juror Nos. 12, 14 and 15 without objection by defendant; Juror No. 17 was excused for cause over defendant's objection. Plaintiff raised no challenged whatsoever, whether for cause or in a peremptory challenge, to Juror No. 11. Juror No. 11 was thereafter impaneled and, upon taking the oath, served as a juror in the case.

---

   [6]Defendant interprets this description to refer to Juror No 11. *Defendant Clear Channel Broadcasting, Inc.'s Response in Opposition to Plaintiff's Motion for New Trial,* Doc. No. 136, p.6.

8

Thus Juror No. 17 was excused for cause over defendant's objection and it would appear that plaintiff made the strategic decision not to challenge, for any reason, Juror No. 11. Plaintiff's assertion that the Court "refused a challenge for cause" against a juror who could not be fair is simply not supported by the record.

Moreover, because she failed to challenge Juror No. 11, either during *voir dire* or at any other point in the trial, plaintiff cannot now complain about the composition of the jury. *See*, *e.g.*, *Dawson v. Wal-Mart Stores*, 978 F.2d 205, 209 (5th Cir. 1992) ("When the basis for challenge to a juror is timely shown, the failure to object constitutes a waiver of the right to attack the composition of the jury."); *Marks v. Shell Oil Co.*, 895 F.2d 1128, 1129-30 (6th Cir. 1990) ("Marks waived this ground for challenging Kenney's fitness for jury service by failing to raise it at voir dire"); *Mann v. Univ. of Cincinnati*, Nos. 95-3195; 95-3292, 1997 U.S. App. LEXIS 12482, at *7 (6th Cir. May 27, 1997) ("In any event, plaintiff did not move to strike this venireperson for cause and therefore forfeited the issue.") (citing *Marks*, 895 F.2d at 1129). Moreover, there is no evidence that Juror No. 11, at the time he was impaneled, harbored actual bias against plaintiff. Therefore, in this regard, plaintiff has not established unfairness in the trial sufficient to warrant a new trial under Fed. R. Civ. P. 59. *See Holmes*, 78 F.3d at 1045-46.

**C.   Live Testimony from Mr. Selby**

For the first time in her *Reply*, plaintiff asks the Court to reconsider its decision granting defendant's motion *in limine*. As an

initial matter, this Court need not consider arguments raised for the first time in a reply brief. *See*, *e.g.*, *Am. Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 478 (6th Cir. 2004). However, even entertaining this request, the Court concludes that plaintiff offers only arguments that the Court previously found unpersuasive.

Plaintiff's offer to "correct" Mr. Selby's opinion in reliance on plaintiff's actual earnings does not militate a different result. As defendant argued during the second trial, plaintiff's proffer would provide an opinion and a methodology substantially different than those previously disclosed to defendant throughout the course of this litigation. Such a material change would run contrary to the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 26(a)(2)(C), and live testimony based on this new opinion and methodology would have resulted in unfair surprise and prejudice to defendant.

Plaintiff also argues in her motion for a new trial that the Court unfairly precluded her from utilizing Mr. Selby to testify to the present value of future lost earnings.[7] However, at no time during the trial did plaintiff ever proffer Mr. Selby as competent or available to testify to the present value of plaintiff's future lost earnings. Plaintiff's argument in this regard is simply insufficient to justify a new trial.

**WHEREUPON**, plaintiff's *Motion for a New Trial*, Doc. No. 130, is **DENIED**.

---

[7]Plaintiff's counsel conceded, during the charging conference and after the close of the evidence, that future lost earnings must be reduced to present value. Because there was no evidence of present value in the record, the Court instructed the jury that it could not consider future lost earnings.

January 27, 2010                    *s/Norah McCann King*
                                    Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge